

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21493588**
**Date Processed: 05/11/2020**

| | |
|---|---|
| **Primary Contact:** | Doug Beck<br>Hub Group Inc.<br>2000 Clearwater Dr<br>Oak Brook, IL 60523-8809 |
| **Electronic copy provided to:** | Alli Kutschat<br>Sharon Gehrke |

| | |
|---|---|
| **Entity:** | Hub Group Trucking, Inc.<br>Entity ID Number  2425129 |
| **Entity Served:** | Hub Group Trucking, Inc. |
| **Title of Action:** | Keith Tennison vs. Hub Group Trucking, Inc. |
| **Matter Name/ID:** | Keith Tennison vs. Hub Group Trucking, Inc. (10236495) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 20STCV16259 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/08/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Bruce Kokozian<br>323-857-5900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

EXHIBIT A, p. 8

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** HUB GROUP TRUCKING, INC., a Delaware
**(AVISO AL DEMANDADO):** Corporation; ESTENSON LOGISTICS, LLC, a
Delaware Limited Liability Company and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** KEITH TENNISON, an Individual, on
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** behalf of himself and all others
similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 2 7 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Steven Drew

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>(Número del Caso)<br>**20STCV16259** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Bruce Kokozian, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

KOKOZIAN LAW FIRM, APC
9440 S. Santa Monica Blvd., Suite 510, Beverly Hills, CA 90210 (323) 857-5900

DATE:
(Fecha) **APR 2 7 2020**  **Sherri R. Carter, Clerk**  Clerk, by  **STEVEN DREW** , Deputy
(Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): HUB GROUP TRUCKING, INC., a Delaware corporation

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☑ by personal delivery on (date): 5/8/2020

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT A, p. 9

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** HUB GROUP TRUCKING, INC., a Delaware
*(AVISO AL DEMANDADO):* Corporation; ESTENSON LOGISTICS, LLC, a
Delaware Limited Liability Company and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** KEITH TENNISON, an Individual, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself and all others
similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California

APR 2 7 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Steven Drew

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
**20STCV16259**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Bruce Kokozian, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KOKOZIAN LAW FIRM, APC
9440 S. Santa Monica Blvd., Suite 510, Beverly Hills, CA 90210 · · (323) 857-5900

DATE:
*(Fecha)* **APR 2 7 2020**    Sherri R. Carter, Clerk    Clerk, by _____ STEVEN DREW, Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT A, p. 10

Bruce Kokozian, Esq. (#195723)
**KOKOZIAN LAW FIRM, APC**
9440 South Santa Monica Boulevard, Suite 510
Beverly Hills, CA 90210
Telephone: (323) 857-5900
Facsimile: (310) 275-6301
Bkokozian@kokozianlawfirm.com

Attorneys for Plaintiffs Keith Tennison, an Individual, on behalf of himself and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 27 2020

Sherri R. Carter, executive officer/Clerk of Court
By_____, Deputy
Steven Drew

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-CENTRAL DIVISION

| | |
|---|---|
| KEITH TENNISON, an Individual, on behalf of himself and all others similarly situated ) ) ) ) Plaintiffs, ) ) v. ) ) HUB GROUP TRUCKING, INC., a ) Delaware Corporation; ESTENSON ) LOGISTICS, LLC, a Delaware Limited ) Liability Company and DOES 1 through 100, ) Inclusive ) ) Defendants. ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: **20STCV16259** **CLASS ACTION** **CLASS ACTION COMPLAINT FOR:** 1. **FAILURE TO PAY OVERTIME WAGES;** 2. **FAILURE TO PAY MINIMUM WAGES;** 3. **FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE;** 4. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU OF;** 5. **FAILURE TO PROVIDE PAID REST PERIODS;** 6. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** 7. **VIOLATION OF LABOR CODE §203;** 8. **UNFAIR BUSINESS PRACTICES** **DEMAND FOR JURY TRIAL** |

1
CLASS ACTION – COMPLAINT

Plaintiff Keith Tennison, an individual on behalf of himself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby file this Complaint against Defendants HUB GROUP TRUCKING, INC., a Delaware Corporation (hereinafter "HUB"); ESTENSON LOGISTICS, LLC, a Delaware Limited Liability Company (hereinafter "ESTENSON");  and DOES 1 through 100, Inclusive (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I. INTRODUCTION

1.      This is Class Action, pursuant to California Code of Civil Procedure §382 on behalf of plaintiff and other non-exempt current and former employees employed by Defendants. Defendants were joint employers of Plaintiffs in that they were operating as joint enterprises and both suffered and permitted Plaintiffs to work for each and both of them; controlled Plaintiffs' hours and working conditions; controlled Plaintiffs' wages. All Defendants made the decision to hire Plaintiffs and had control of termination of Plaintiffs' employment and therefore jointly employed Plaintiffs.

2.      This is a civil action seeking recovery for Defendants' violations of California Labor Code ("Labor Code") §1194, et seq., §1197, §200 et seq., Labor Code §500 et seq., California Business and Professions Code ("B& PC") §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

3.      Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

4.      The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of this complaint, up to and through the time of trial for this matter.

## RELEVANT EMPLOYEES

5.      The relevant employees are Defendants' non-exempt current and former employees, employed in California and who are California Citizens by Defendants.

6.      Defendants' non-exempt current and former employees are paid by Defendants on an hourly pay basis.

2
CLASS ACTION – COMPLAINT

7.     The obligations and responsibilities of Defendants' current and former non-exempt, hourly paid employees employed in California who are California citizens by Defendants are virtually identical from location to location and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

## SUMMARY OF CLAIMS

8.     With regard to Defendants' California based non-exempt, hourly paid current and former employees who are California Citizens, Defendants have established a policy which does not compensate said employees for the time they actually worked and as a result Defendants have failed to pay all wages due including overtime wages for all hours worked, failed to pay the required minimum wage for all hours worked, and failed pay overtime wages at the legal overtime pay rate for overtime work as Defendant failed to include non-discretionary bonuses in the regular rate for the purposes of calculating overtime pay.  Further, Defendants have failed to provide uninterrupted 30-minute meal periods; failed to provide paid rest periods; failed to timely furnish accurate itemized wage statements; violated Labor Code §203; and conducted unfair business practices.

## II. PARTIES

**PLAINTIFF KEITH TENNISON**

9.     Plaintiff Keith Tennison (hereinafter "TENNISON" or "Plaintiff") is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of California, county of San Bernardino.

10.     Plaintiff has worked for Defendants in Defendants' location in Los Angeles county as a non-exempt hourly employee. Plaintiff is a former employee of Defendants.

11.     Plaintiff seeks unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants have (Plaintiff himself was harmed by):

a.     Failed to pay all wages due including overtime wages for all hours worked;

b.     Failed to pay the required minimum wage for all hours worked;

c.     failed to pay the legal overtime pay rate for work over (8) hours in a day and/or forty (40) hours in a week, as non-discretionary bonuses were not included in the regular rate of pay for the

3

CLASS ACTION – COMPLAINT

CLASS ACTION – COMPLAINT

purposes of calculating overtime pay;

d.  failed to provide meal periods

e.  failed to provide paid rest periods;

f.  failed to timely furnish accurate itemized wage statements;

g.  violated Labor Code §203; and

h.  Conducted unfair business practices.

**DEFENDANTS HUB AND ESTENSON**

12.  Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, defendant HUB was and is a Delaware corporation duly organized, authorized, and licensed to do business in the State of California. Defendant ESTENSON is and was a Delaware Limited Liability Company duly organized, authorized, and licensed to do business in the State of California. Defendants were joint employers of Plaintiffs in that they were operating as joint enterprises and both suffered and permitted Plaintiffs to work for each and both of them; controlled Plaintiffs' hours and working conditions; controlled Plaintiffs' wages. All Defendants made the decision to hire Plaintiffs and had control of termination of Plaintiff's employment and therefore jointly employed Plaintiffs.

**DOES 1 TO 100, INCLUSIVE**

13.  DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were doing business in the State of California.

14.  Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

15.  Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

**ALL DEFENDANTS**

16.  Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

17.  Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices,

4

CLASS ACTION – COMPLAINT

EXHIBIT A, p. 14

wrongs, complaints, injuries and/or damages alleged in the Complaint.

18.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

19.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

20.    Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

21.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

22.    Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

### III. JURISDICTION AND VENUE

23.    The California Superior Court has jurisdiction in this matter due to Defendants' violations of Labor Code §201 et seq, Labor Code §500 et seq., Labor Code §1194, Business & Professions Code §17200 et seq., the IWC Wage Order(s) and related common law principles.

24.    The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior court and will be established at trial according to proof.

25.    The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand ($75,000) jurisdictional threshold for Federal Court and the aggregate claim is under the five million dollar

CLASS ACTION – COMPLAINT

($5,000,000) threshold of the Class Action Fairness Act of 2005 ("CAFA"). Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Order(s), CCP, and Business & Profession Code. The present action is also exempt from CAFA because this matter is a local controversy within the meaning of CAFA as follows: 1) More than two thirds of the putative class members are residents of California 2) the principal injuries resulting from Defendants' conduct occurred in California 3) no class action asserting similar factual allegations has been filed against any defendant in the preceding three years and 4) at least one defendant is a citizen of California and significant relief is sought from that defendant and that defendant's conduct is a significant basis for the claims.

26. Venue is proper in Los Angeles County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## IV. CLASS ALLEGATIONS

27. CCP §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.

28. Plaintiffs bring this suit as a class action pursuant to CCP § 382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

29. The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants failed to pay overtime wages (hereinafter, the "Overtime Class");

b. All of Defendants' California-based non-exempt, hourly-paid current and former employees, who are California Citizens, employed during the relevant time period to whom Defendants failed to pay the required minimum wage (hereinafter, the "Minimum Wage Class");

c. All of Defendants' California-based non-exempt, hourly-paid current and former

6

CLASS ACTION – COMPLAINT

CLASS ACTION – COMPLAINT

employees, who are California Citizens, employed during the relevant time period who worked over eight (8) hours in a day and/or over forty (40) hours in a week and whose premium pay for this overtime work was not calculated to include non-discretionary bonus pay (hereinafter "Overtime Rate Class");

d. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants failed to provide the legally requisite meal periods (hereinafter, the "Meal Period Class");

e. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants failed to provide the legally requisite rest periods (hereinafter, the "Rest Period Class");

f. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants failed to provide accurate itemized wage statements (hereinafter, the "Wage Statement Class");

g. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants willfully failed to pay all wages (hereinafter, the "LC203 Class").

h. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined supra) to whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B & PC Section 17200 (hereinafter, the "17200 Class).

30.    The Overtime Class, Minimum Wage Class, Overtime Rate Class, Meal Period Class, Rest Period Class, Wage Statement Class, LC 203 Class and 17200 Class are hereinafter collectively referred to as the "Classes."

31.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiffs will formally define and

7

CLASS ACTION – COMPLAINT

EXHIBIT A, p. 17

designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

32. <u>Numerosity</u> (CCP §382):

a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical.

b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals.

d. The quantity and identity of such members is readily ascertainable via inspection of Defendants' records.

33. <u>Superiority</u> (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs makes the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a. California has a public policy which encourages the use of the class action device;

b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c. This case involves large corporate Defendants and a large number of individual Class Members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an applicable and justifiable fear of retaliation and permanent damage to their lives, careers and well-

8

CLASS ACTION – COMPLAINT

EXHIBIT A, p. 18

being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the rights of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i)   a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

iv)  potentially incompatible standards of conduct for Defendants; and

v)   potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.  Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.  The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

34.  Well-defined Community of Interest: Plaintiffs also meet the established standards for

9

CLASS ACTION – COMPLAINT

class certification (see, e.g. <u>Lockheed Martin Corp. v. Superior Court</u> (2003) 29 Cal. 4th 1096), as follows:

      a.    <u>Typicality</u>: The claims of Plaintiff are typical of the claims of all members of the Classes Plaintiff seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein

      b.    <u>Adequacy</u>: Plaintiff:

        i)    is an adequate representative of the Classes Plaintiff seeks to represent;

        ii)    will fairly protect the interests of the members of the Classes;

        iii)    has no interests antagonistic to the members of the Classes; and

        iv)    will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

      c.    <u>Predominate Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including with limitation:

    i) whether Defendants failed to pay the legal and appropriate overtime compensation to the members of the Overtime Class in violation of the <u>Labor Code</u> and the <u>IWC Wage Order(s)</u>;

    ii) whether Defendants failed to pay the legal and appropriate minimum wage to the members of the Minimum Wage Class in violation of the <u>Labor Code</u> and the <u>IWC Wage Order(s)</u>;

    iii) whether Defendants failed to pay the legal and appropriate overtime compensation to the members of the Overtime Rate Class in violation of the Labor Code and the IWC Wage Order(s);

    iv) whether Defendants failed and continue to fail to provide meal periods to the members of the Meal Period Class in violation of the <u>Labor Code</u> and the <u>IWC Wage Orders</u>;

    v) whether Defendants failed and continue to fail to authorize and permit paid rest periods to the members of the Rest Period Class in violation of the <u>Labor Code</u> and section 12 of the <u>IWC Wage Orders</u>;

    vi) whether Defendants failed to timely furnish accurate itemized statements to the members of

CLASS ACTION – COMPLAINT

EXHIBIT A, p. 20

CLASS ACTION COMPLAINT

the Wage Statement Class;

vii) whether Defendants are liable pursuant to Labor Code §203;

viii) whether Defendants' conduct constitutes unfair competition within the meaning of B & PC §17200 et seq.

ix) whether Defendants' conduct constitutes unfair business practices within the meaning of B & PC §17200, et seq.;

x) whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

xi) whether the members of the Classes are entitled to injunctive relief;

xii) whether the members of the Classes are entitled to restitution; and

xiii) whether Defendants are liable for attorneys' fees and costs.

35.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal. 3d 232, 238).

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

(On Behalf of the Overtime Class)

(Against All Defendants)

36.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Compliant as if fully set forth herein.

37.    Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

38.    Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less that one and one-half times the regular rate of pay for an employee."

39.    Labor Code §510 (a) further provides that "Any work in excess of 12 hours in one day

11

CLASS ACTION – COMPLAINT

shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

40. Pursuant to Labor Code §1198, it is unlawful to employ a person for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

41. Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

a. Administered a uniform company policy and practice regarding the payment of wages to the members of the Overtime Class;

b. Scheduled to work and in fact required the members of the Overtime Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying overtime compensation for all such excess hours worked by requiring the Overtime Class to remain under Defendants' control without paying them therefore which resulted in;

c. Failure to pay members of the Overtime Class overtime compensation for work in excess of eight (8) hours per day and/or forty (40) hours per week;

d. Failure to pay members of the Overtime Class overtime compensation for work in excess of 12 hours per day;

e. Failure to pay members of the Overtime Class overtime compensation for the first eight hours worked on the seventh day of work in any one workweek;

f. Did not employ the members of the Overtime Class using: i) an alternative workweek schedule pursuant to Labor Code §511; and did not employ the members of the Overtime Class using ii) an alternative workweek schedule adopted pursuant to a collective bargaining agreement.

g. Required that the members of the Overtime Class to spend more than fifty percent (50%) of their work performing non-exempt tasks; and

h. Disseminated incorrect information throughout Defendant's facilities and amongst Defendants' employees reciting that, under Defendants' labor policies and practices and under California law, the members of the Overtime Class were not entitled to overtime compensation.

42. Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates as entitlement, pursuant to

12

CLASS ACTION – COMPLAINT

Labor Code §218 and §1194(a), to recovery by the members of the Overtime Classes, in a civil action, for the unpaid balance of the full amount of the overtime wages owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

43.    That calculation of individual damages for the members of the Wage Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal. 3d 232; Hypolite v. Carleson (1975) 52 Cal. App. 3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal. 3d 256.

44.    Pursuant to Labor Code §1194(a) and Civil Code §3287, the members of the Overtime Class seek recovery of pre-judgment interest on all amounts recovered herein.

45.    Pursuant to Labor Code §1194, the members of the Overtime Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

(On Behalf of the Minimum Wage Class)

(Against All Defendants)

46.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

47.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

48.    Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

49.    California Code of Regulations Title 8, §11000(s) and the IWC Wage Orders §4(A) state: "Every employer shall pay to each employee... wages not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008... and not less than nine dollars ($9.00) per hours for all hours worked, effective July 1, 2014... and not less than ten dollars ($10.00) per hour for all hours worked, effective January 2016.

50.    Defendants, as a matter of established company policy and procedure, at each and every

13

CLASS ACTION – COMPLAINT

one of the individual facilities owned and/or operated by Defendants, required the members of the Minimum Wage Class to remain under Defendants' control without paying therefore which resulted in the members of the Minimum Wage Class earning less than the legal minimum wage in the State of California.

51. Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the Minimum Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

52. Pursuant to Labor Code §1194.2(a) (which provides that in any action under Labor Code §1194, an employee shall be entitled to recover liquidated damages, the members of the Minimum Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

53. Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Minimum Wage Class seek recovery of pre-judgment interest on all amount recovered herein.

54. Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE

(On Behalf of the Overtime Rate Class)

(Against All Defendants)

55. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

56. Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work, including overtime.

CLASS ACTION – COMPLAINT

EXHIBIT A, p. 24

57.     Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

58.     The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

59.     Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

60.     Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

a.      Administered a uniform company policy and practice regarding the payment of overtime wages to the members of the Overtime Rate Class;

b.      Scheduled and/or required the members of the Overtime Rate Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek; and

c.      Failed to pay the members of the Overtime Rate Class for all work accomplished in excess of forty (40) hours per week at the correct overtime rate as it failed to include non-discretionary bonus pay due and owing.

61.     Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

62.     That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232;

15

CLASS ACTION – COMPLAINT

Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

63.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

64.    Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU OF

(On Behalf of the Meal Period Class)

(Against All Defendants)

65.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

66.    Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

67.    Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee".

68.    Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employer only if the first meal period was not waived."

69.    Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the heal and welfare of those workers.

16

CLASS ACTION – COMPLAINT

70.    Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minutes meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

71.    Section 11(B) of the IWC Wage Orders(s) provides that "if an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

72.    The members of the Meal Period Class consistently worker over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

73.    Further, some members of the Meal Period Class consistently worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

74.    The members of the Meal Period Class did not validly or legally wavie their meal periods, by mutual consent with Defendants or otherwise.

75.    The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

76.    As a matter of Defendants' established company policy, Defendants failed to comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s).

77.    Pursuant to Section 11(B) of the IWC Wages Order(s) and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Meal Period Class are entitled to damages in an

17
CLASS ACTION – COMPLAINT

amount equal to one(1) additional hour of pay at each employee's regular rate of compensation for each work day that the meal period was not provided.

78. Pursuant to Civil Code §3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

## FIFTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS

(On Behalf of the Rest Period Class)

(Against All Defendants)

79. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

80. Labor Code §226.7(a) states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

81. Labor Code §516 provides that the Industrial Welfare commission may adopt or amend working conditions orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

82. Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employee to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

83. Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

18

CLASS ACTION – COMPLAINT

84.    The members of the Rest Period Class consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

85.    As a matter of Defendants' established company policy, Defendants failed to authorize and permit the required rest periods established by Labor Code § 226.7 and Labor Code § 516 and Section 12 of the IWC Wage Order(s).

86.    Pursuant to Section 12 of the IWC Wage Orders(s) and Labor Code § 226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

87.    Pursuant to Labor Code § 218.6 and CC § 3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

88.    Pursuant to Labor Code the members of the Rest Period Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

(On Behalf of the Wage Statement Class)

(Against All Defendants)

89.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

90.    Labor Code § 226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee...(4) all deductions...(5) net wages earned, (6) the inclusive dates of

19

CLASS ACTION – COMPLAINT

the period for which the employee is paid...(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee...".

91.    Further, the IWC Wage Orders § 7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay...."

92.    Therefore, pursuant to Labor Code § 226(a) and the IWC Wage Orders § 7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, total wages paid, and the total hours worked per pay period and applicable rates of pay,

93.    As a pattern and practice, in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

94.    As a pattern and practice, in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

95.    Plaintiffs and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee,

20

CLASS ACTION – COMPLAINT

CLASS ACTION - COMPLAINT

gross wages earned, net wages earned, all deductions, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly at each hourly rate, in violation of Labor Code § 226 and the IWC Wage Orders § 7(A), such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, gross wages earned, net wages earned, all deductions, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

96.     Pursuant to Labor Code § 226(e), the members of the Wage Statement Class are entitled to fifty dollars ($50.00) per employer for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employer for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

97.     Pursuant to Labor Code § 226(g), the currently-employed members of the Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

98.     Pursuant to Labor Code § 226(e) and/or § 226(g), the members of the Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATIONS OF LABOR CODE § 203**

(On Behalf of the LC 203 Class Members)

(Against All Defendants)

99.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

100.    Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202 any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until action therefore is commenced.

101.    The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

21

CLASS ACTION – COMPLAINT

102. Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

103. Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

104. Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code § 203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

105. Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor Code § 203, in the amount of each LC 203 Class members' daily wage multiplied by thirty (30) days.5

106. Pursuant to CC § 3287, the members of the LC 203 Class seek recovery of prejudgment interest on all amounts recovered herein.

### EIGHTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

(On Behalf of the 17200 Class)

(Against All Defendants)

107. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

108. B&PC § 17200 provides in pertinent part "...[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act...."

109. B&PC § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

110. B&PC § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

111. Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC § 17200, including those set for the in the preceding and foregoing paragraphs of

22

CLASS ACTION – COMPLAINT

the complaint, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under the <u>Labor Code</u> and/or the <u>IWC Wage Orders</u>, as specifically described herein.

112.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

113.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides and unfair advantage over Defendants' competitors.

114.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

115.    Plaintiffs seek full restitution from Defendants, as necessary and according to proof, restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

116.    Further, if Defendants are not enjoined set forth, above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

117.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

118.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray:

a.    That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and the law firm representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay Overtime wages:

a.    For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

CLASS ACTION – COMPLAINT

CLASS ACTION - COMPLAINT

b.    For pre-judgment interest as allowed by Labor Code § 218.6, Labor Code § 1194(a) and CC § 3287;

c.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code § 1194(a);

As to the Second Cause of Action for Failure to Pay Minimum Wages

d.    For recovery of liquidated damages, on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

e.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Minimum Wage Class seek recovery of pre-judgment interest on all amount recovered herein.

f.    Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action

As to the Third Cause of Action for Failure to Pay Overtime Wages at the Legal Overtime Pay Rate:

g.  For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof'

h.    For pre-judgment interest as authorized by Labor Code § 218.6, Labor Code §1194(a), and CC § 3287;

i.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code § 218.5 and/or Labor Code §1194(a);

As to the Fourth Cause of Action for Failure to Provide Meal Periods or Compensation in Lieu of:

j.    For one (1) hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal period was not provided;

k.    For pre-judgment interest as authorized by Labor Code § 218.6 and CC § 3287;

As to the Fifth Cause of Action for Failure to Provide Paid Rest Periods:

l    For one (1) hour of pay at the regular rate of compensation for each member of the Rest Period for each workday that a meal or rest period was not provided;

m.    For pre-judgment interest as authorized by Labor Code § 218.6 and CC § 3287;

n.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code

As to the Sixth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

24

CLASS ACTION – COMPLAINT

o.    For recovery as authorized by Labor Code § 226(e);

p.    For injunctive relief to ensure Defendants' compliance with Labor Code § 226 and the IWC Wage Orders § 7(A) pursuant to Labor Code § 226(g);

q.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code § 226(e) and/or § 226(g);

As to the Seventh Cause of Action for Violations of Labor Code §203:

r.    For recovery as authorized by Labor Code § 203;

s.    For pre-judgment interest as allowed CC § 3287;

As to the Eighth Cause of Action for Unfair Business Practices:

t.    For an accounting, under administration of Plaintiffs and/or receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

u.    For an Order requiring Defendants to identify each of the members of the Classes by name, home address, and home telephone number;

v.    For an Order requiring Defendants to make full restitution and payment pursuant to California law;

w.    For an Order for a preliminary and /or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

x.    For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

y.    For all other appropriate injunctive, declaratory and equitable relief;

z.    For interest to the extent permitted by law;

aa.   For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP § 1021.5, B&PC § 17200, et. seq., Labor Code § 1194 and/or any other applicable provision of law;

As to All Causes of Action:

bb.   For such other and further relief as this Court may deem just and proper; and

cc.   For reasonable attorneys' fees and costs incurred.

CLASS ACTION – COMPLAINT

## VII. **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

DATED: April 15, 2020                     KOKOZIAN LAW FIRM, APC

By: _____
                                          Bruce Kokozian, Esq.
                                          Attorneys for Plaintiff

26

CLASS ACTION – COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Bruce Kokozian, Esq.    SBN: 195723<br>KOKOZIAN LAW FIRM, APC<br>9440 S. Santa Monica Blvd., Suite 510, Beverly Hills, CA 90210<br>TELEPHONE NO.:(323) 857-5900    FAX NO.:(310) 275-6301<br>ATTORNEY FOR *(Name):* Keith Tennison | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>APR 27 2020<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By_____, Deputy<br>**BY FAX** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Tennison v Hub Group Trucking, Inc., et. al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**20STCV16259**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/15/2020

Bruce Kokozian, Esq.
_____    ►    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

EXHIBIT A, p. 37

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

EXHIBIT A, p. 38

| SHORT TITLE: Keith Tennison vs. Hub Group Trucking, Inc. , et al. | CASE NUMBER 20STCV16259 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LASC CIV 109 Rev. 12/18<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

EXHIBIT A, p. 39

| SHORT TITLE: Keith Tennison vs. Hub Group Trucking, Inc. , et al. | · | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4
EXHIBIT A, p. 40

| SHORT TITLE: Keith Tennison  vs. Hub Group Trucking, Inc. , et al: | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4
EXHIBIT A, p. 41

| SHORT TITLE: Keith Tennison  vs. Hub Group Trucking, Inc. , et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: 14659 Alondra Blvd. |
|---|---|

| CITY: La Mirada | STATE: CA | ZIP CODE: 90638 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central_____ District of Los Angelesthe Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 04/15/2020 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
EXHIBIT A, p. 42

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/27/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV16259 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Daniel J. Buckley | 1 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     **Sherri R. Carter, Executive Officer / Clerk of Court**

on 04/29/2020
  (Date)

By **S. Drew** _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A, p. 43

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

EXHIBIT A, p. 44

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)     **STIPULATION – EARLY ORGANIZATIONAL MEETING**     Page 2 of 2
LASC Approved 04/11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)<br>LASC Approved 04/11<br>For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A, p. 49

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A, p. 50

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A, p. 51

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

EXHIBIT A, p. 53

# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
    - Only MCLA provides mediation in person, by phone and by videoconference.

**These organizations cannot accept every case and they may decline cases at their discretion.**
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE:  This program does not accept family law, probate, or small claims cases.

b.  **Los Angeles County Dispute Resolution Programs**
    https://wdacs.lacounty.gov/programs/drp/
    - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
        - Free, day- of- trial mediations at the courthouse. No appointment needed.
        - Free or low-cost mediations before the day of trial.
        - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
          http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c.  **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit  **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

EXHIBIT A, p. 55