UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**          **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 12);**

**DEFENDANTS' MOTION TO DISMISS (DKT. 14);**

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (DKT. 15);**

**REQUEST BY DEFENDANTS HUB GROUP TRUCKING, INC. AND ESTENSON LOGISTICS, LLC TO FILE OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (DKT. 21)**

On April 27, 2020, Keith Tennison ("Tennison" or "Plaintiff") filed this putative class action in the Los Angeles County Superior Court. Dkt. 1-2 (the "Complaint"). The Complaint advances eight causes of action: causes of action: (i) failure to pay overtime wages in violation of Cal. Lab. Code §§ 510 and 1198; (ii) failure to pay minimum wages in violation of Cal. Lab. Code § 1197; (iii) failure to pay overtime wages at the legal overtime pay rate in violation of Cal. Lab. Code § 1194(a); (iv) failure to provide meal periods or premiums in violation of Cal. Lab. Code §§ 226.7(a) and 512; (v) failure to authorize and permit paid rest periods violation of Cal. Lab. Code §§ 226.7(a) and 516; (vi) failure to furnish accurate itemized wage statements in violation of Cal. Lab. Code § 226; (vii) failure to pay wages due at termination in violation of Cal. Lab. Code § 203; and (viii) unfair business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* On June 8, 2020, Estenson Logistics, LLC and HUB Group Trucking, Inc. ("Defendants") removed the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1.

On July 2, 2020, Plaintiff filed a Motion to Remand Case to Los Angeles Superior Court. Dkt. 12 (the "Motion to Remand"). Defendants filed a request to file an untimely opposition on August 7, 2020. Dkt. 21; Dkt. 22 (the "MTR Opposition"), which Plaintiff opposed. Dkt. 24 at 4. Plaintiff filed a reply on August 21, 2020. Dkt. 24 (the "MTR Reply").

On July 6, 2020, Defendants filed a Motion to Dismiss. Dkt. 14 (the "Motion to Dismiss"). Defendants also filed a Request for Judicial Notice. Dkt. 15 (the "RFN"). Plaintiff filed an opposition on July 27, 2020. Dkt. 19 (the "MTD Opposition"). Defendants filed a Reply on August 10, 2020. Dkt. 23 (the "MTD Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

There is no showing that accepting the late-filed MTR Opposition would prejudice Plaintiff. Therefore, the Request is **GRANTED.** For the reasons stated in this Order, the Motion to Remand is **DENIED**, and the Motion to Dismiss is **GRANTED-IN-PART**, with leave to amend, and **DENIED-IN-PART.** The documents in the RFN are not determinative of the issues presented by the Motion to Remand or the Motion to Dismiss. Therefore, the RFN is **MOOT**.

I.      **Background**

        A.      The Parties

It is alleged that Tennison is a resident of San Bernardino County who has worked for Defendants as a non-exempt hourly employee. Dkt. 1-2 ¶ 9. Plaintiff seeks to represent the following eight classes, each of which is comprised of California-based, non-exempt, hourly-paid, current and former employees who are California citizens:

1.    those to whom Defendants failed to pay overtime wages during the applicable time period (the "Overtime Class");
2.    those to whom Defendants failed to pay the required minimum wage during the applicable time period (the "Minimum Wage Class");
3.    those to whom Defendants failed to pay the premium rate for overtime pay during the applicable time period (the "Overtime Rate Class");
4.    those to whom Defendants failed to provide with meal periods during the relevant time period (the "Meal Period Class");
5.    those to whom Defendants failed to provide with rest periods during the relevant time period (the "Rest Period Class");
6.    those to whom Defendants failed to provide with accurate itemized wage statements during the relevant time period (the "Wage Statement Class");
7.    those to whom Defendants failed to pay all wages due upon termination during the applicable time period (the "LC 203 Class"); and
8.    those who have been harmed by Defendants' unlawful, unfair, and/or fraudulent business acts or practices during the relevant time period (the "17200 Class").

*Id.* ¶ 29.

It is alleged that Defendant Hub Group Trucking, Inc. is a Delaware corporation operating in California. *Id.* ¶ 12. It is alleged that Defendant Estenson Logistics, LLC is a Delaware limited liability company operating in California. *Id.* It is further alleged that Defendants acted as joint employers of Plaintiff. *Id.*

        B.      Substantive Allegations in the Complaint

It is alleged that Defendants scheduled and required members of the Overtime Class to work more than eight hours per workday or 40 hours per workweek, but did not compensate them at the required overtime rates. Dkt. 1-2 ¶ 41(b).

It is alleged that Defendants required members of the Minimum Wage Class to remain "under Defendant's control" for time periods for which they were not paid. It is alleged that this resulted in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|----------|--------------------------|------|-------------------|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

payment of wages at an hourly rate that was below the required minimum wage. *Id.* ¶ 50.

It is alleged that Defendants required members of the Overtime Rate Class to work in excess of eight hours per workday or 40 hours per workweek. However, Defendants allegedly failed to pay these persons the premium rate for this overtime work. *Id.* ¶ 60(c).

It is alleged that members of the Meal Period Class consistently worked more than five hours per shift, and that some members of the Meal Period Class consistently worked more than ten hours per shift. *Id.* ¶¶ 72-73. However, Defendants, "[a]s a matter of… established company policy," allegedly failed to provide members of the Meal Period Class with the corresponding, required meal periods. *Id.* ¶ 76.

It is alleged that members of the Rest Period Class consistently worked more than four hours per shift, which entitled them to a rest period of at least ten minutes. *Id.* ¶ 84. However, Defendants, "[a]s a matter of… established company policy," allegedly failed to authorize and provide these rest periods. *Id.* ¶ 85.

It is alleged that, during the relevant pay periods, Defendants did not provide members of the Wage Statement Class with accurate, itemized wage statements with all required information, including the total hours worked, gross wages earned, net wages earned, all deductions, and all applicable hourly rates in effect during the pay period and the hours worked at each rate. *Id.* ¶ 95. It is further alleged that these inaccuracies "misled" members of the Wage Statement Class. *Id.*

It is alleged that members of the LC 203 Class are no longer employed by Defendants. *Id.* ¶ 101. It is further alleged that Defendants had a "consistent and uniform policy, practice and procedure" of willfully failing to pay the earned wages at the time of termination or within seventy-two hours of resignation, and that Defendants did not pay them until at least 30 days. *Id.* ¶¶ 102-03.

Finally, it is alleged that these employment practices constitute unfair business practices in violation of Cal. Bus. & Prof. Code § 17200. *Id.* ¶ 112.

>        C.        Allegations in the Notice of Removal and Supporting Evidence

In the Notice of Removal, Defendants state that Estenson is a Delaware LLC whose principal place of business is in Illinois. Dkt. 1 ¶ 12. The Declaration of Michele McDermott supports this statement. McDermott declares that she is the Chief Human Resources officer for Hub Group, Inc., and that it is the parent company of Hub Group Trucking, Inc. She also declares that Hub Group Trucking, Inc. is the sole member of Defendant Estenson Logistics, LLC. Dkt. 1-5 ¶¶ 2-3.

Defendants also state that, based on employment records and allegations in the Complaint, Plaintiff is a California citizen. *Id.* ¶¶ 13-14. The Declaration of Raquel Selland supports this statement. Selland declares that she is a Human Resources Manager for Estenson Logistics, LLC. Dkt. 1-4 ¶¶ 1, 4. Based on the foregoing, Defendants contend that the minimal diversity requirement of 28 U.S.C. § 1332(d) is satisfied.

Defendants contend that the number of potential class members exceeds 100. Defendants state that Plaintiff was an hourly employee of Estenson, and that he worked as a truck driver. Defendants also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. | LA CV20-05076 JAK (SPx) |
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. |

Date | December 28, 2020

identify 1837 current and former non-exempt truck drivers whose last-known addresses and assignments were in California between April 27, 2016 and December 31, 2019. *Id.* ¶¶ 7-9.

Finally, Defendants state that the amount in controversy exceeds $5 million. In support of this statement Defendants submit the following estimates of Plaintiff's claims, as well as a claim for attorney's fees of at least 25 percent of any recovery:

| Claim | Amount in Controversy |
|---|---|
| Minimum Wage Claim | $1,496,100 |
| Meal and Rest Break Claims | $2,992,200 |
| Wage Statement Claim | $1,574,550 |
| Waiting Time Penalties | $2,407,200 |
| *Subtotal* | $8,470,050 |
| Attorney's Fees (25% contingency) | $2,117,513 |
| Total | $10,587,563 |

To support of these calculations, Defendants submitted the Declaration of Paloma P. Peracchio. Dkt. 1-1. Peracchio declares that she is an attorney with Ogletree Deakins Nash Smoak & Stewart, P.C., which is representing Defendants in this action. Dkt. *Id.* ¶ 1. Peracchio also declares that she has represented Defendants in another putative class action advancing similar claims. *Id.* ¶ 5. Peracchio then declares that, in connection with this prior action, Karl Stadick, a Financial Systems Administrator for Defendants, prepared an Excel spreadsheet which identified all current and former non-exempt truck drivers employed by Defendants between September 2, 2016 and December 31, 2019. *Id.* ¶ 6. This spreadsheet also identified the last known address for each driver. *Id.* Based on the same information, Peracchio created a new spreadsheet, which excluded truck drivers who resided outside of California during their employment, were assigned to departments outside of California, or were inactive. *Id.* ¶ 11. This resulted in a calculation of 1837 drivers who are putative class members. *Id.* ¶ 12.

As to the minimum wage claim, Peracchio declares that she calculated that class members collectively worked 149,610 weeks during the relevant time period as measured by the applicable statutes of limitations. *Id.* ¶ 16a. She then declares that, assuming a violation rate of one hour of unpaid time per week and a minimum wage of $10, the amount in controversy is $1,496,100 with respect to the first cause of action. *Id.* ¶ 17.

As to the meal and rest break claims, Peracchio again declares that class members collectively worked 149,610 weeks during the relevant time period. Applying Plaintiff's allegations that members of the Meal and Rest Period Classes "consistently" worked more than four or five hours per shift and that Defendants had a "company policy" not to permit breaks, Peracchio assumes that each class member missed one meal period and one rest period per week. *Id.* ¶¶ 18-21. She then declares that this results in a potential recovery of $1,496,100 for the meal period cause of action and $1,496,100 for the rest period cause of action. *Id.* ¶¶ 22-23.

As to the wage statement claim, Peracchio declares that she again identified the number of putative class members, then used the spreadsheet to calculate that these individuals received 31,491 wage statements during this period. *Id.* ¶ 24. She then states that she assumed a penalty of $50 for each violation, rather than $50 for the first violation and $100 for each subsequent violation. *Id.* Multiplying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|----------|-------------------------|------|-------------------|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

$50 by 31,491 results in a calculation of potential damages of $1,574,550. *Id.* Peracchio states that she assumed a 100% violation rate based on Plaintiff's allegations that Defendants failed to provide accurate wage statements as a "pattern of practice." *Id.* ¶ 25.

As to the failure to pay wages due at termination claim, Peracchio declares that she used the same spreadsheet to identify 1003 putative class members whose employment was terminated between April 27, 2017 and December 31, 2019. *Id.* ¶ 26. Peracchio declares that she then applied the lowest potential minimum wage of $10 per hour, to an eight hour day, for a daily amount of $80 per class member. She then multiplied that amount by 30 days to determine the maximum statutory penalty. *Id.* She declares that this resulted in the calculation of $2,407,200 as the amount in controversy with respect to this cause of action. *Id.*

## II.     Legal Standards

### A.     Jurisdiction Under CAFA

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). "In determining the amount in controversy, courts first look to the complaint. Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* at 1197 (internal citations and quotation marks omitted). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.*

A defendant is only required to file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). However, if a plaintiff contests these allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

The Ninth Circuit has explained that, like other attacks on jurisdictional allegations, a motion to remand following a removal pursuant to CAFA may be either "facial" or "factual." *Salter v. Qual. Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). In reviewing a facial attack on jurisdiction, the court accepts the allegations as true, draws all reasonable inferences in the defendant's favor, and determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id.*

A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* However, introducing extrinsic evidence is not necessary: a factual attack "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 700 (9th Cir. 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | LA CV20-05076 JAK (SPx) | | Date | December 28, 2020 |
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | | |

The preponderance of the evidence standard requires that "the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds" $5 million. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted). The parties may submit evidence, including affidavits or declarations, or other "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

"CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198. "As with other important areas of our law, evidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* at 1199. "Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Id.*

"An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1198-99). For example, a defendant may proffer evidence that establishes the number of employees who meet the class description, their average rate of pay, and the number of qualifying workweeks. The defendant may then estimate the amount in controversy by making reasonable assumptions about potential violation rates based on the allegations in the complaint. *Id.* at 925-27 (citing *Lacross v. Knight Transp., Inc.*, 775 F.3d 1200 (9th Cir. 2015)). *See Silva v. AvalonBay Cmtys., Inc.*, No. 2:15-CV-04157-JAK-PLAx, 2015 WL 11422302, at *4-5 (C.D. Cal. Oct. 8, 2015).

These standards reflect the principle that the amount in controversy is an "estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.* 627 F.3d 395, 400 (9th Cir. 2010). This protects a defendant from the need to "concede liability" to argue successfully for jurisdiction under CAFA. *Id.*; *accord Herrera v. Carmax Auto Superstores Cal., LLC*, No. 5:14-CV-00776-MWF-VBKx, 2014 WL 12586254, at *2 (C.D. Cal. Jun. 12, 2014) ("But when a complaint vaguely alleges 'consistent' violations based on the defendant's 'uniform policies,' the removing defendant is often incapable of producing any evidence going directly to the frequency of the violations, especially given that the defendant likely disagrees that any violation occurred at all.").

Under certain circumstances, attorney's fees may also be included in calculating the amount in controversy. "[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are at stake in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) (internal quotation marks, citation and brackets omitted). However, "a court's calculation of future attorneys' fees is limited by the applicable contractual or statutory requirements that allow fee-shifting in the first place." *Id.* at 796. For example,

> [a] state may adopt the lodestar method for determining reasonable attorneys' fees under certain statutes, *see Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001), or (as in this case) not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

allow recovery of attorneys' fees for legal work on certain types of claims, see *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1255 (2012) (stating that the attorneys' fees shifting provisions in California Labor Code §§ 218.5 and 1194 do not apply to legal work relating to meal and rest period claims). The court's determination regarding the amount of attorneys' fees at stake must take into account these statutory and contractual restrictions.

*Id.* Moreover, as with its assessment of potential damages, "the defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence[.]" *Id.*

B.      Motion to Dismiss

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading that states a claim must state facts sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

**III.      Analysis**

      A.      The Motion to Remand

          1.      Positions of the Parties

Plaintiff raises several issues with respect to certain of the assumptions made in Defendants' Notice of Removal. *First*, Plaintiff argues that the class definitions do not encompass all of Defendants' employees. Plaintiff explains that the Rest Period Class is limited to the employees "to whom Defendants failed to provide the legally requisite class periods," and that the Minimum Wage Class is limited to the employees to whom Defendants failed to pay the minimum wage.

*Second,* Plaintiff argues that the minimum wage claim is premised on Defendants' failure to pay employees for safety checks before and after a trip, and which "do not take long." Plaintiff argues the alleged violations amount to no more than ten minutes per week.

*Third,* Plaintiff contends that assuming a violation of one meal period and one rest period per week is speculative. Plaintiff explains that violations can only occur on intrastate routes because California's wage and hour laws only apply to employment actions within the state. Therefore, Plaintiff argues, a violation of once every two weeks is more reasonable.

*Fourth*, Plaintiff argues that the assumed 100% violation rate for the wage statement cause of action is speculative. Plaintiff contends that a 50% is appropriate.

*Finally*, Plaintiff argues that assuming an attorney's fee award of 25% of the gross recovery is speculative and contrary to *Arias*.

Defendants respond that these objections are unsupported by evidence or are contrary to allegations in the Complaint. Defendants also submitted the Declaration of Roy Sheraden. Dkt. 22-1 (the "Sheraden Declaration"). Sheraden declares that he is a Regional Vice President for Hub Group, Inc. *Id.* ¶ 1. Sheraden also declares that he oversees, and is generally familiar with Defendants' operations at 30 facilities in California. *Id.* He then provides statements as to how California drivers are assigned to routes and what percentage of routes are within California. *Id.* ¶¶ 2-4.

          2.      Application

Based on a review of the evidence and corresponding arguments, Defendants have met their burden to establish that the amount in controversy exceeds $5 million.

Plaintiff's argument that the Minimum Wage Class, the Meal Period Class, and the Rest Period Class should be smaller is unpersuasive. The Complaint defines members of these classes as individuals to whom Defendant failed to pay the minimum wage or to whom rest breaks were denied. This does not show that the size of each of these classes is different than what Defendants calculated or that those calculations were unreasonable. Plaintiff did not present rebuttal evidence that, because certain employees worked part-time, they were not eligible for meal and rest breaks. Further, unlike the defendants in *Harris*, who "failed to provide any further description of relevant factors, including shift

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

length, the number of days [class members] worked per week, or whether they took vacations or leaves of absence," 980 F.3d at 700 (internal quotation marks omitted), Defendants here presented the Selland Declaration. Selland declares that the "majority of non-exempt truck drivers in California typically work at least 40 hours per week." Dkt. 1-4 ¶ 8.

Plaintiff's contention as to the minimum wage estimate is persuasive. Plaintiff argues that Defendant has misconstrued the Complaint, and that only minutes per week are at issue. This qualifies as "a reasoned argument as to why… [Defendant's assumptions] are not supported by evidence." *Harris*, 980 F.3d at 700. Therefore, Plaintiff's estimate of the amount in controversy under this claim as $299,200, is more reasonable than Defendants' estimate of $1,496,100.

Plaintiff's argument as to the appropriate amount for the meal and rest break violations is unpersuasive. Plaintiff contends that a significant number of California-based drivers are assigned to interstate routes, thereby reducing the amount of time when California's meal and rest break laws apply. Defendants rebutted this argument through the Sheraden Declaration. Sheraden estimates that, based on his experience overseeing Hub Group and Estenson's operations in California, 95% of the routes driven are within California. Dkt. 22-1 ¶ 4. This evidence is sufficient under the "by a preponderance" standard. In light of this determination, Defendants' estimate is reasonable.

Also unpersuasive is Plaintiff's argument that the 100% violation rate for wage statement claims is improper. Plaintiff does not present any evidence that this rate is unrealistic in light of the allegations in the Complaint. Nor did Plaintiff present "a reasoned argument as to why… [Defendant's assumptions] are not supported by evidence." *Harris*, 980 F.3d at 700.

Plaintiff does not contest Defendant's calculations of the Section 203 claim. The estimate made by Defendants is reasonable in light of the allegations in the Complaint.

As to a potential award of attorney's fees, it may be included in the amount in controversy. However, Defendants have not presented evidence as to why the claimed award of 25% is reasonable. The Ninth Circuit has "declined to adopt a per se rule that 'the amount of attorney's fees in controversy in class actions is 25 percent of all other alleged recovery.'" *Arias*, 936 F.3d at 928 (quoting *Fritsch*, 899 F.3d at 796).

Taking into account the reduced minimum wage estimate and the elimination of the estimated amount of attorney's fees at issue, the amount in controversy is summarized in the following table, and exceeds $5 million:

| Claim | Amount in Controversy |
|---|---|
| Minimum Wage Claim | $299,220 |
| Meal and Rest Break Claims | $2,992,200 |
| Wage Statement Claim | $1,574,550 |
| Waiting Time Penalties | $2,407,200 |
| Total | $7,273,170 |

For the foregoing reasons, the Motion to Remand is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

B.      The Motion to Dismiss

     1.      <u>Claim-Splitting</u>

         a)      Legal Standards

The rule on claim-splitting bars plaintiffs from maintaining "two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). To assess whether this rule applies, Defendants must "show that the parties are the same," or in privity with one another, and "that the successive causes of action are the same." *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016). District courts have concluded that "[m]embers of a certified class are considered parties or in privity with a party for purposes of the claim-splitting rule." *Jensen v. Secorp Indus.*, No. 2:19-cv-0789-RGK-GJS, 2019 WL 8064603, at *4 (C.D. Cal. Dec. 9, 2019).

         b)      Application

Defendants argue that Plaintiff's claims are "entirely subsumed" by another class action pending in this District. *See Johnson v. Estension Logistics, LLC*, No. 5:20-cv-00118-JAK-SP. Although there are similar claims made in the two actions, the parties are different. Although Plaintiff may be a putative member of the *Johnson* class, a plaintiff "who files a proposed class action cannot legally blind members of the proposed class before the class is certified." *Standard Fire Ins. Co.*, 568 U.S. at 593 (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011)). Further, it is not unusual for similar class proceedings to be related and then consolidated.

Defendants rely on *Cook v. C.R. England, Inc.*, No. CV 12–3515–GW(CWx), 2012 WL 2373258 (C.D. Cal. Jun. 21, 2012), where this doctrine was applied to a class action before a class had been certified. However, in *Cook* both actions involved the same named plaintiff. *Id.* at *5 ("The appropriate question is whether Cook, as an *individual* plaintiff in both actions, is bringing claims that are impermissibly duplicative."). *Cook* did not hold that an earlier putative class action would bar a later one brought by a different named plaintiff. Thus, in *Cook*, "[t]he claims asserted here may very well be properly pled by other plaintiffs or class representatives in another context." *Id.* at *9.

For these reasons, the Motion to Dismiss the FAC under the claim-splitting doctrine is **DENIED**; provided, however, this ruling is without prejudice to a renewal of the argument based on the class certification process in one or both cases.

     2.      <u>First and Third Causes of Action as to Overtime Wages</u>

Plaintiff concedes that he was not eligible for overtime pay and does not oppose Defendant's Motion to Dismiss as to these two causes of action. Therefore, the Motion to Dismiss is **GRANTED** as to the first and third causes of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

3.      <u>Second Cause of Action as to Minimum Wages</u>

a)      Legal Standards

*Landers v. Quality Comms., Inc.* held that, to state a claim under the Fair Labor Standards Act, a plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." 771 F.3d 638, 645 (9th Cir. 2014). This may be established "by estimating the lengthy of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.*

Although *Landers* addressed the Fair Labor Standards Act, district courts have subsequently applied its reasoning to claims arising under California wage and hour statutes. *See, e.g.*, *Boian v. Schneider Logistics Transloading and Distribution, Inc.*, No. EDCV 20-109-MWF (AFMx), 2020 WL 5356707, at *8 (C.D. Cal. May 28, 2020) (applying Landers to claims based on meal and rest break violations under California law); *Archuleta v. Avcorp Composite Fabrication Inc.*, No. CV 18-8106 PSG (FFMx), 2019 WL 1751830, at *2 n.1 ("[*Landers*] is equally applicable to Plaintiff's California law overtime and minimum wage claims"). The Ninth Circuit has adopted the same reasoning in unpublished memorandum dispositions. See, e.g., *Boyack v. Regis Corp.*, 812 F. App'x 428, 430 (9th Cir. 2020); *Marquez v. Toll Global Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020). However, as one district court has observed:

> Some district courts have held that a plaintiff need not plead facts showing a specific, particular workweek where [the wage and hour laws were violated]. Others have held *Landers* requires exactly that. In light of this collective confusion, the only clear lesson from the lower courts' application of *Landers* is that no clear interpretation has emerged.

*Perez v. Island Hosp. Mgmt. III, LLC*, No. CV 18-4903-DMG (JPRx), 2019 WL 3064113, at *2 (C.D. Cal. Feb. 8, 2019) (internal citations omitted). Relying on *Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631 (9th Cir. 2015). *Perez* held that a plaintiff must plead facts "demonstrating that there was at least one workweek" in which the wage-and-hour laws were violated, but need not plead specific dates." *Id.* at *2-3. However, as explained in that decision:

> Requiring plaintiffs to allege specific dates, actual (or approximate) amounts of wages, corresponding violations, and other data giving rise to their claims would rachet up the general pleading standard such that it would resemble the Rule 9 particularity standard, which, in contrast to Rule 8, mandates that plaintiffs state the "the who, what, when, where, and how" of their claims.

*Id.* at *3 (internal citations omitted). This reasoning is persuasive, and it is adopted in this Order.

b)      Application

Plaintiff alleges that Defendants "required the members of the Minimum Wage Class to remain under Defendants' control without paying," resulting in an effective wage below the state minimum. Dkt. 1-2 ¶ 50. Even under the less stringent interpretation of *Landers*, this allegation is conclusory and insufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

Although particularity is not required, the Complaint fails to plead any "facts that will permit the court to find plausibility." *Landers*, 771 F.3d at 645.

For the foregoing reasons, the Motion to Dismiss is **GRANTED**, with leave to amend, as to Plaintiff's second cause of action.

### 4.    Fourth and Fifth Causes of Action as to Meal and Rest Breaks

####   a)    Legal Standards

Pursuant to 49 U.S.C. § 31141, the Secretary of Transportation is permitted to "void any 'State law or regulation on commercial vehicle safety' that, in the Secretary's judgment, 'has no safety benefit... [or] would cause an unreasonable burden on interstate commerce.'" *City of Columbus v. Ours Garage and Wrecker Serv., Inc.*, 536 U.S. 424, 441 (2002). This authority has been delegated to the head of the Federal Motor Carrier Safety Administration ("FMCSA). 49 C.F.R. § 1.87(f). If the administrator makes such a determination, a state "may not enforce" the law or regulation. 49 U.S.C. § 31141(a). Judicial review of these determinations is available in federal appellate courts. 28 U.S.C. § 2342(a)(3); 49 U.S.C. § 31141(f).

On December 21, 2018, the FMSCA administrator determined that California's meal and rest break rules, Cal. Lab. Code §§ 226.7, 512, 516, were preempted. For that reason, they could not be enforced with respect to drivers of property-carrying commercial motor vehicles subject to hours of service regulations issued by the FMCSA. Federal Motor Carrier Safety Administration, "California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption," 83 Fed. Reg. 67470-01 (Dec. 28, 2018) (the "Preemption Determination").

####   b)    Application

Plaintiff does not dispute that, if the Preemption Determination controls, his meal and rest break claims are preempted. Instead, he argues that these causes of action should not be dismissed with prejudice, but that the Court should enter a partial stay.

Consolidated petitions for review of the Preemption Determination are currently pending before the Ninth Circuit. *Int'l Bhd. of Teamsters, et al. v. Fed. Motor Carrier Safety Admin.*, Nos. 18-73488, 19-70323, 19-70329, 19-70413. Therefore, a ruling on the Motion is deferred as to Plaintiff's fourth and fifth causes of action, and the action is **STAYED** as to these two causes of action. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").
Within 10 days of the decision by the Ninth Circuit in *Int'l Bhd. of Teamsters*, the parties shall file a joint status report, not to exceed five pages, stating their respective and/or collective views on its application to the issues raised in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

5.      Sixth Cause of Action as to Wage Statements

a)      Legal Standard

California law requires employers to provide their employees with an "accurate itemized statement in writing" showing gross wages earned, total hours worked, and other pertinent information. Cal. Lab. Code § 226(a). An employee who is injured as a result of the employer's "knowing and intentional failure" to comply with these requirements may recover civil penalties. *Id.* § 226(e). The injury requirement is satisfied if the employer fails to provide any of the required information and the employee cannot "promptly and easily determine," *inter alia*, the amount of gross or net wages paid or the total amount of hours worked. *Id.* § 226(e)(2)(B)(i). "While there must be some injury in order to recover damages, a very modest showing will suffice." *Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286, 1306 (2010). *See also Varsam v. Lab. Corp. of America*, 120 F. Supp. 3d 1173, 1180 (S.D. Cal. Aug. 3, 2015) ("Labor Code § 226(e) was amended in 2013 to reflect legislative intent that the injury requirement not be stringent.").

b)      Application

Defendant argue that the Complaint does not adequately allege injury. The allegations as to this cause of action restate the statutory standard, as well as the one in the applicable Industrial Wage Commission Order. Dkt. 1-2 ¶¶ 93-94. District courts have dismissed wage statement claims when a complaintonly contains "a conclusory recitation of [the wage statement provisions] and does not allege specific facts showing that the wage statements failed to include such information." *Sanchez v. New York & Co. Stores, Inc.*, No. 2:20-cv-02380-RGK-GJS, 2020 WL 5498066, at *4 (C.D. Cal. Jun. 29, 2020). Because "allegations that are merely conclusory" need not be credited as true, these allegations are insufficient when challenged on a motion to dismiss. *Sprewell*, 266 F.3d at 988.

For the foregoing reasons, the Motion to Dismiss is **GRANTED**, with leave to amend, as to Plaintiff's sixth cause of action.

6.      Seventh Cause of Action as to Failure to Pay Wages Due at Termination

a)      Legal Standard

Under California law, if an employer discharges an employee, the wages that have been earned but not yet paid, become due and payable immediately. Cal. Lab. Code § 201(a). Similarly, if an employee resigns, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." *Id.* § 202. An employer who "willfully" fails to comply with either section incurs civil liability. *Id.* § 203(a).

b)      Application

Defendant argues that the allegations as to this cause of action are conclusory and vague. The Complaint alleges that Defendants had a "consistent and uniform policy, practice, and procedure of willfully failing to pay the earned wages" of former employees. Dkt. 1-2 ¶ 102. It is also alleged that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

Defendants did not pay members of the LC 203 Class their entire wages due and owing at the time of their termination or within 72 hours of their resignation, and failed to pay those sums for at least 30 days thereafter. *Id.* ¶ 103. No further factual details are alleged.

District courts have dismissed Section 203 claims when the allegations only restate the statutory language. *See, e.g.*, *Anthony v. Iron Mountain, Inc.*, No. CV 20-05932-AB (ASx), 2020 WL 5793449, at *15-16 (C.D. Cal. Sep. 25, 2020); *Soratorio v. Tesoro Refining and Marketing Co., LLC*, No. CV 17-1554-MWF (RAOx), 2017 WL 8220415, at *3 (C.D. Cal. Sep. 11, 2017); *Sanchez v. Aerogroup Retail Holdings, Inc.*, No. 12–CV–05445–LHK, 2013 WL 1942166, at *14 (N.D. Cal. May 8, 2013). Because the allegations amount to "naked assertions devoid of further factual enhancement," they are insufficient when challenged on a motion to dismiss. *Blantz v. Cal. Dep't of Corrs.*, 727 F.3d 917, 927 (9th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678)).

For the foregoing reasons, the Motion to Dismiss is **GRANTED**, with leave to amend, as to Plaintiff's seventh cause of action.

> 7.    Eighth Cause of Action as to Unfair Competition Law

> > a)    Legal Standard

Cal. Bus. & Prof. Code § 17200, (the "UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." The UCL "does not proscribe specific activities," but rather, "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 643-44 (2008) (internal quotation marks and citations omitted). Under the UCL, a plaintiff may seek injunctive relief or restitution. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 986 (9th Cir. 2015) (quoting Cal. Bus. & Prof. Code § 17203).

"[T]raditional principles governing equitable remedies in federal courts... apply when a party requests restitution under the UCL…in a diversity action." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Therefore, , to state a claim a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA. *Id.* (citing *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996)).

> > b)    Application

Defendants argues that this cause of action must be dismissed because it is derivative of legally deficient causes of action. Given the disposition of Plaintiff's other causes of action, the UCL cause of action also fails. Therefore, the Motion to Dismiss is **GRANTED**, with leave to amend, as to Plaintiff's eighth cause of action.

## IV.    Conclusion

For the reasons stated in this Order, the RFN is **MOOT**, the Motion to Remand is **DENIED**, and the Motion to Dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**. Specifically,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-05076 JAK (SPx) | Date | December 28, 2020 |
| Title | Keith Tennison v. Hub Group Trucking, Inc. et al. | | |

- The Motion to Dismiss is **DENIED** as to the entire Complaint on the grounds that the action violates the rule against claim-splitting;
- The Motion to Dismiss is **GRANTED** as to Plaintiff's first and third causes of action;
- The Motion to Dismiss is **GRANTED**, with leave to amend, as to Plaintiff's second, sixth, seventh, and eighth causes of action.
- A ruling on the fourth and fifth causes of action is deferred pending a decision by the Ninth Circuit in *Int'l Bhd. of Teamsters*, and the action is **STAYED** as to these two causes of action.

Any amended complaint shall be filed within 21 days of the date of the issuance of this Order.

**IT IS SO ORDERED.**

                             _____ : _____

Initials of Preparer      TJ