Bruce Kokozian, Esq. (#195723)
Alex DiBona, Esq. (#265744)
**KOKOZIAN LAW FIRM, APC**
9440 South Santa Monica Boulevard, Suite 510
Beverly Hills, CA 90210
Telephone: (323) 857-5900
Facsimile: (310) 275-6301
Bkokozian@kokozianlawfirm.com
dibona@kokozianlawfirm.com

Attorneys for Plaintiffs Keith Tennison, individually and on behalf of others
similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH TENNISON, an Individual, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>HUB GROUP TRUCKING INC., a Delaware Corporation; ESTENSON LOGISTICS, LLC, a Delaware Limited Liability Company and DOES 1 through 10, Inclusive<br><br>Defendants.<br><br>_____ | **CASE NO.: 2:20-cv-05076-JAK-SP**<br><br><u>**CLASS ACTION**</u><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1.    FAILURE TO PAY MINIMUM WAGES;**<br><br>**2.    FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU OF;**<br><br>**3.    FAILURE TO PROVIDE PAID REST PERIODS;**<br><br>**4.    FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**<br><br>**5.    VIOLATION OF LABOR CODE §203;**<br><br>**6.    UNFAIR BUSINESS PRACTICES**<br><br>**Complaint Filed:** April 27, 2020<br>**Trial Date**: None yet<br>**District Judge**: Hon. John A. Kronstadt<br>**Courtroom:** 10B, First Street<br>**Magistrate Judge:** Hon. Sheri Pym<br>**Courtroom**: 3, Roybal<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Keith Tennison, an individual on behalf of himself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby file this Complaint against Defendants HUB GROUP TRUCKING INC., a Delaware Corporation (hereinafter "HUB"); ESTENSON LOGISTICS, LLC, a Delaware Limited Liability Company (hereinafter "ESTENSON");  and DOES 1 through 100, Inclusive (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I. INTRODUCTION

1.      This is Class Action, pursuant to California Code of Civil Procedure §382 and FRCP 23 on behalf of plaintiff and other non-exempt current and former employees employed by Defendants. Defendants were joint employers of Plaintiffs in that they were operating as a joint enterprises and both suffered and permitted Plaintiffs to work for each and both of them; controlled Plaintiffs hours and working conditions; Controlled Plaintiffs wages; All Defendants made the decision to hire Plaintiff and had control of termination of a Plaintiff's employment and therefore jointly employed Plaintiffs.

2.      This is a civil action seeking recovery for Defendants' violations of California Labor Code ("Labor Code") §1194, et seq., §1197, §200 et seq., Labor Code §500 et seq., California Business and Professions Code ("B& PC") §17000 et seq. and §17200 , et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

3.      Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

4.      The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of this complaint, up to and through the time of trial for this matter.

## RELEVANT EMPLOYEES

5.      The relevant employees are Defendants' non-exempt current and former employees, employed in California and who are California Citizens by Defendants.

6.      Defendants' non-exempt current and former employees are paid by Defendants on an hourly pay basis.

7.    The obligations and responsibilities of Defendants' current and former non-exempt, hourly paid employees employed in California who are California citizens by Defendants are virtually identical from location to location and employee to employee. Any differences in job activities between the different individuals in these positions were and are legal insignificant to the issues presented by this action.

## SUMMARY OF CLAIMS AND FACTUAL ALLEGATIONS

8.    With regard to Defendants' California based non-exempt, hourly paid current and former employees who are California Citizens, Defendants have established a policy which does not compensate said employees for the time they actually worked and as a result Defendants have failed to pay the required minimum wage for all hours worked. Further Defendants have failed to provide uninterrupted 30-minute meal periods; failed to provide paid rest periods; failed to timely furnish accurate itemized wage statements; violated <u>Labor Code</u> §203; and conducted unfair business practices.

9.    Plaintiff was employed by Defendants from on or about August 15, 2017 until on or around February 19, 2020. Plaintiff was employed by Defendants as a driver.

10.    Plaintiff was permitted to drive a maximum of fourteen (14) hours per day. Plaintiff was then required to not drive for ten (10) hours before resuming driving. When Plaintiff was on the road, after 14 hours, he was required to pull over and clock out. However, Plaintiff remained under the control and direction of his employer during those ten hours. Plaintiff was required to monitor and guard his truck and remain either in the truck or within view of the truck. Plaintiff therefore spent compensable time under California law but was not paid at all for these hours. Plaintiff was therefore not paid the California Minimum Wage.

11.    Plaintiff was also required to perform pre trip and post trip safety check before clocking in and after clocking out. Plaintiff was therefore not paid the California Minimum Wage.

12.    Plaintiff was required to complete his route(s) in fourteen hour or less. Because of this policy and practice, Plaintiff was not able to take meal and/or rest breaks when he worked over four (4) hours and/or over six (6) hours during a shift. Rather, Plaintiff did not clock and simply worked through straight through his shift without taking a break to rest and/or for meals.

13.    Plaintiff's paystubs do not reflect the correct amount of compensation owed to Plaintiff

because of the failure to pay him the minimum wage and failure to pay meal and/or rest penalties.

14.     Plaintiff is a former employee of Defendant and was not paid all owed compensation due to him either immediately or within seventy two hours of his employment ended.

15.     Through the above recited violation of California Labor Law(s), Defendant has engaged in unfair business practices.

16.     The above violations of labor law(s) occurred throughout Plaintiff's employment.

## II. PARTIES

**PLAINTIFF KEITH TENNISON**

17.     Plaintiff Keith Tennison (hereinafter "TENNISON" or "Plaintiff") is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of California, county of Riverside.

18.     Plaintiff has worked for Defendants in Defendants' location in Los Angeles county as a non-exempt hourly employee. Plaintiff is a former employee of Defendants.

19.     Plaintiff seeks unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants have (Plaintiff himself was harmed by):

a.     Failed to pay all wages due, including minimum wage, for all hours worked;

b.     failed to provide meal periods

c.     failed to provide paid rest periods;

d.     failed to timely furnish accurate itemized wage statements;

e.     violated Labor Code §203; and

f.     Conducted unfair business practices.

**DEFENDANTS HUB AND ESTENSON**

20.     Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, defendant HUB was and is a Delaware corporation duly organized, authorized, and licensed to do business in the State of California. Defendant ESTENSON is and was a Delaware Limited Liability Company duly organized, authorized, and licensed to do business in the State of California. Defendants were joint employers of Plaintiffs in that they were operating as a joint enterprises and both suffered and permitted Plaintiffs to work for each and both of them; controlled Plaintiffs hours and

working conditions; Controlled Plaintiffs wages; All Defendants made the decision to hire Plaintiff and had control of termination of a Plaintiff's employment and therefore jointly employed Plaintiffs.

**DOES 1 TO 100, INCLUSIVE**

21.    DOES 1 to 10, inclusive are not, and/or at all times mentioned in this Complaint were doing business in the State of California.

22.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 10 are sued under such fictitious names pursuant to California <u>Code of Civil Procedure</u> ("CCP") §474.

23.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

<u>ALL DEFENDANTS</u>

24.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

25.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaint, injuries and/or damages alleged in the Complaint.

26.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

27.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

28.    Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing complaint, injuries and/or damages alleged in this Complaint.

29.    Defendants, and each of them, at all times mentioned in this Complaint approved of,

condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

30.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III. JURISDICTION AND VENUE

31.     The California Superior Court has jurisdiction in this matter due to Defendants' violations of Labor Code §201 et seq, Labor Code §500 et seq., Labor Code §1194, Business & Professions Code  §17200 et seq., the IWC Wage Order(s) and related common law principles. Venue is proper in  Los Angeles County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

32.     This district court has found, over Plaintiff's opposition and objection, that it has jurisdiction pursuant to 28 U.S.C. § 1332(d)(also known as Class Action Fairness Act or CAFA).

## IV. CLASS ALLEGATIONS

33.     CCP §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all. FRCP 23 states a class action may be maintained if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. A class action may be maintained if further (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has

acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy

34.    Plaintiffs bring this suit as a class action pursuant to <u>CCP</u> § 382 and FRCP(A-B), on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

35.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a. All of Defendants' California-based non-exempt, hourly-paid current and former employees, employed during the relevant time period to whom Defendants failed to pay the required minimum wage (hereinafter, the "Minimum Wage Class");

b.  All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants failed to provide the legally requisite meal periods (hereinafter, the "Meal Period Class");

c. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants' failed to provide the legally requisite rest periods (hereinafter, the "Rest Period Class");

d. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants failed to provide accurate itemized wage statements (hereinafter, the "Wage Statement Class");

e. All of Defendants' California-based non-exempt, hourly paid current and former employees, who are California Citizens, employed during the relevant time period (as defined, supra) to whom Defendants' willfully failed to pay and all wages (hereinafter, the "LC203 Class").

f. All of Defendants' California-based non-exempt, hourly paid current and former

FIRST AMENDED CLASS ACTION – COMPLAINT

employees, who are California Citizens, employed during the relevant time period (as defined supra) to whom Defendants' have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B & PC Section 17200 (hereinafter, the "17200 Class).

36.    The Minimum Wage Class, Meal Period Class, Rest Period Class, Wage Statement Class, LC 203 Class and 17200 Class are hereinafter collectively referred to as the "Classes."

37.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

38.    Numerosity (CCP §382 and FCRP(A)(1-4)):

a.    The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical.

b.    The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

c.    The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals.

d.    The quantity and identity of such members is readily ascertainable via inspection of Defendants' records.

39.    Superiority (CCP §382 and FRCP(B)(1-3)): The nature of this action and the nature of the laws available to Plaintiffs makes the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a.    California and the United States has a public policy which encourages the use of the class action device;

b.    By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminate the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise may be too small to warrant individual litigation;

c.    This case involves large corporate Defendants and a large number of individual Class Members with many relatively small claims and common issues of law and fact;

FIRST AMENDED CLASS ACTION – COMPLAINT

d.      If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants superior financial and legal resources;

e.      Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an applicable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.      Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the rights of each of the members of the Classes to recover on the causes of action alleged herein;

g.      Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

   i)      a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

   ii)     a multiplicity of trial conducted at enormous expense to both the judicial system and the litigants;

   iii)    inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

   iv)     potentially incompatible standards of conduct for Defendants;

   v)      potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.      The claims of the individual members of the Classes are not sufficiently large to warrant

FIRST AMENDED CLASS ACTION – COMPLAINT

vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.      Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

40.     Well-defined Community of Interest: Plaintiffs also meet the established standards for class certification (see, e.g. Lockheed Martin Corp. V. Superior Court (2003) 29 Cal. 4th 1096) and Amgen Inc. v. Connecticut Retirement Plans & Trust Funds, 568 U.S., 133 S. 1184 (2013) as follows:

a.      Typicality: The claims of Plaintiff are typical of the claims of all members of the Classes Plaintiff seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein

b.      Adequacy: Plaintiff:

i)      is an adequate representative of the Classes Plaintiff seeks to represent;

ii)     will fairly protect the interests of the members of the Classes;

iii)    has no interests antagonistic to the members of the Classes; and

iv)     will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c.      Predominate Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including with limitation:

i) whether Defendants failed to pay the legal and appropriate minimum wage to the members of the Minimum Wage Class in violation of the Labor Code and the IWC Wage Order(s);

ii) whether Defendants failed and continue to failed to provide meal periods to the members of the Meal Period Class in violation of the Labor Code and the IWC Wage Orders

iii); whether Defendants failed and continue to fail to authorize and permit paid rest periods to the members of the Rest Period Class in violation of the Labor Code and section 12 of the IWC Wage Orders;

FIRST AMENDED CLASS ACTION – COMPLAINT

iv) whether Defendants failed to timely furnish accurate itemized statements to the members of the Wage Statement Class

v); whether Defendants are liable pursuant to Labor Code §203;

vi) whether Defendants conduct conducts unfair competition within the meaning of B & PC §17200 et seq.

vii) whether Defendants' conduct constitutes unfair business practices within the meaning of B & PC §17200, et seq.;

viii) whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

ix) whether the members of the Classes are entitled to injunctive relief;

x) whether the members of the Classes are entitled to restitution; and

xi) whether Defendants are liable for attorneys' fees and costs.

41.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal. 3d 232, 238).

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

(On Behalf of the Minimum Wage Class)

(Against All Defendants)

42.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

43.    Plaintiff incorporates by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

44.    Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

45.    California Code of Regulations Title 8, §11000(s) and the IWC Wage Orders §4(A) state: "Every employer shall pay to each employee... wages not less than eight dollars ($8.00) per hour

for all hours worked, effective January 1, 2008... and not less than nine dollars ($9.00) per hours for all hours worked, effective July 1, 2014... and not less than ten dollars ($10.00) per hour for all hours worked, effective January 2016.

46.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants which resulted in the members of the Minimum Wage Class earning less than the legal minimum wage in the State of California.

47.    Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the Minimum Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

48.    Pursuant to Labor Code §1194.2(a) (which provides that in any action under Labor Code §1194, an employee shall be entitled to recover liquidated damages, the members of the Minimum Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

49.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Minimum Wage Class seek recover of pre-judgment interest on all amount recovered herein.

50.    Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU OF

(On Behalf of the Meal Period Class)

(Against All Defendants)

51.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

52.    <u>Labor Code</u> §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

53.    <u>Labor Code</u> §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee".

54.    <u>Labor Code</u> §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employer only if the first meal period was not waived."

55.    <u>Labor Code</u> §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the heal and welfare of those workers.

56.    Section 11(A) of the <u>IWC Wage Order(s)</u> provides that "Unless the employee is relieved of all duty during a 30 minutes meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

57.    Section 11(B) of the <u>IWC Wage Orders(s)</u> provides that "if an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

58.    The members of the Meal Period Class consistently worker over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

FIRST AMENDED CLASS ACTION – COMPLAINT

59.     Further, some members of the Meal Period Class consistently worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

60.     The members of the Meal Period Class did not validly or legally wavier their meal periods, by mutual consent with Defendants or otherwise.

61.     The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

62.     As a matter of Defendants' established company policy, Defendant failed to comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s).

63.     Pursuant to Section 11(B) of the IWC Wages Order(s) and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the member of the Meal Period Class are entitled to damages in an amount equal to one(1) additional hours of pay at each employee's regular rate of compensation for each work day that the meal period was not provided.

64.     Pursuant to Civil Code §3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

### THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS

(On Behalf of the Rest Period Class)

(Against All Defendants)

65.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

66.     Labor Code §226.7(a) states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

67.    Labor Code §516 provides that the Industrial Welfare commission may adopt or amend working conditions orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

68.    Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employee to take rest periods, which insofar as practicable shall be in the middle of each work period.   The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

69.    Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

70.    The members of the Rest Period Class consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

71.    As a matter of Defendants' established company policy, Defendants failed to authorize and permit the required rest periods established by Labor Code § 226.7 and Labor Code § 516 and Section 12 of the IWC Wage Order(s).

72.    Pursuant to Section 12 of the IWC Wage Orders(s) and Labor Code § 226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

73.    Pursuant to <u>Labor Code</u> § 218.6 and <u>CC</u> § 3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

74.    Pursuant to <u>Labor Code</u>   the members of the Rest Period Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

(On Behalf of the Wage Statement Class)

(Against All Defendants)

75.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

76.    <u>Labor Code</u> § 226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee...(4) all deductions...(5) net wages earned, (6) the inclusive dates of the period for which the employee is paid...(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee...".

77.    Further, the <u>IWC Wage Orders</u> § 7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay...."

78.    Therefore, pursuant to <u>Labor Code</u> § 226(a) and the <u>IWC Wage Orders</u> § 7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, total wages paid, and the total hours worked per pay period and applicable rates of pay,

FIRST AMENDED CLASS ACTION – COMPLAINT

79.     As a pattern and practice, in violation of <u>Labor Code</u> § 226(a) and the <u>IWC Wage Orders</u> § 7(A), Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

80.     As a pattern and practice, in violation of <u>Labor Code</u> § 226(a) and the <u>IWC Wage Orders</u> § 7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

81.     Plaintiffs and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, gross wages earned, net wages earned, all deductions,  and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly at each hourly rate, in violation of <u>Labor Code</u> § 226 and the <u>IWC Wage Orders</u> § 7(A), such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, gross wages earned, net wages earned, all deductions, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

82.     Pursuant to <u>Labor Code</u> § 226(e), the members of the Wage Statement Class are entitled to fifty dollars ($50.00) per employer for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employer for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

83.     Pursuant to <u>Labor Code</u> § 226(g), the currently-employed members of the Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

84.     Pursuant to <u>Labor Code</u> § 226(e) and/or § 226(g), the members of the Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

## **FIFTH CAUSE OF ACTION**

## **VIOLATIONS OF LABOR CODE § 203**

(On Behalf of the LC 203 Class Members)

(Against All Defendants)

85.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

86.     <u>Labor Code</u> § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with <u>Labor Code</u> §§ 201 and 202  any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until action therefore is commenced.

87.     The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

88.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

89.     Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

90.     Defendants' willful failure to pay wages to the members of the LC 203 Class violates <u>Labor Code</u> § 203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

91.     Thus, the members of the LC 203 Class are entitled to recovery pursuant to <u>Labor Code</u> § 203, in the amount of each LC 203 Class members' daily wage multiplied by thirty (30) days.5

92.     Pursuant to CC § 3287, the members of the LC 203 Class seek recovery of prejudgment interest on all amounts recovered herein.

### SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

(On Behalf of the 17200 Class)

(Against All Defendants)

93.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

94.     B&PC § 17200 provides in pertinent part "...[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act...."

95.     B&PC § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

96.     B&PC § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

97.     Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC § 17200, including those set for the in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs and all others similarly situated of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

98.     Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

99.     Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides and unfair advantage over Defendants' competitors.

FIRST AMENDED CLASS ACTION – COMPLAINT

100.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

101.    Plaintiffs seek full restitution from Defendants, as necessary and according to proof, restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

102.    Further, if Defendants are not enjoined set forth, above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

103.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

104.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.    That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and the law firm representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay Minimum Wages

b.    For recovery of liquidated damages, on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

c.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Minimum Wage Class seek recover of pre-judgment interest on all amount recovered herein.

d.    Pursuant to Labor Code §1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action

As to the Second Cause of Action for Failure to Provide Meal Periods or Compensation in Lieu of:

e.    For one (1) hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal period was not provided;

f.    For pre-judgment interest as authorized by Labor Code § 218.6 and CC § 3287;

FIRST AMENDED CLASS ACTION – COMPLAINT

As to the Third Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

g.    For one (1) hour of pay at the regular rate of compensation for each member of the Rest Period for each workday that a meal or rest period was not provided;

h.    For pre-judgment interest as authorized by Labor Code § 218.6 and CC § 3287;

i.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code

As to the Fourth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

j.    For recovery as authorized by Labor Code § 226(e);

k.    For injunctive relief to ensure Defendants' compliance with Labor Code § 226 and the IWC Wage Orders § 7(A) pursuant to Labor Code § 226(g);

l.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code § 226(e) and/or § 226(g);

As to the Fifth Cause of Action for Violations of Labor Code §203:

m.    For recovery as authorized by Labor Code § 203;

o.    For pre-judgment interest as allowed CC § 3287;

As to the Eighth Cause of Action for Unfair Business Practices:

p.    For an accounting, under administration of Plaintiffs and/or receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

q.    For an Order requiring Defendants to identify each of the members of the Classes by name, home address, and home telephone number;

r.    For an Order requiring Defendants to make full restitution and payment pursuant to California law;

s.    For an Order for a preliminary and /or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

t.    For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

u.    For all other appropriate injunctive, declaratory and equitable relief;

v.    For interest to the extent permitted by law;

FIRST AMENDED CLASS ACTION – COMPLAINT

w.      For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP § 1021.5, B&PC § 17200, et. seq., Labor Code § 1194 and/or any other applicable provision of law;

As to All Causes of Action:

x.      For such other and further relief as this Court may deem just and proper; and

y.      For reasonable attorneys' fees and costs incurred.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.


DATED: January 15, 2021                  KOKOZIAN LAW FIRM, APC


                                    By:   *Alex DiBona*
                                          Bruce Kokozian, Esq.
                                          Alex DiBona, Esq.
                                          Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION – COMPLAINT